SIGISMUND WATERMAN, Appellant, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF NEW YORK, Respondent.

(Decided February 4th, 1878.)

Since, by the charter of the city of New York (L. 1873, chs. 335 and 755), the police department is made a distinct and separate branch of the municipal government, and has complete control over the funds annually appropriated for its support and maintenance,—*Held*, that the plaintiff, who had been employed by such department, could not—at least in the absence of proof that the appropriations were insufficient to meet its necessary expenses—recover from the corporation of the city of New York for services rendered upon such employment.

The case of *Dannat* v. *The Mayor, &c.* (66 N. Y. 585), followed as controlling.

APPEAL by the plaintiff from a judgment of this court, entered on a decision rendered by Judge VAN BRUNT after a trial before him without a jury.

The facts are fully stated in the opinion.

*Charles W. Gould*, for appellant.

*D. J. Dean*, for respondent.

LARREMORE, J.—The plaintiff brought suit to recover for the balance of salary alleged to be due him as surgeon of the police from Sept. 17, 1873, to Jan. 3, 1876. He claims that his salary for that period was fixed by law at $2,250 per annum (L. 1866, c. 861), that he has been paid only at the rate of $1,000 per annum, and asks judgment for the difference.

On Sept. 15, 1873, the Board of Police Commissioners of the city of New York adopted the following resolution: " Resolved, that the following named physicians be appointed district surgeons, and assigned to districts, at an annual salary set opposite their respective names.

" Sigismund Waterman, 12th District . . $1,000."

In pursuance of this resolution Dr. Waterman accepted the appointment and performed his duties thereunder as surgeon from Sept. 21, 1873, to Jan. 3, 1876.

The appointment above mentioned was made by authority of " an act to reorganize the local government of the city of New York," passed April 30, 1873 (L. 1873, c. 335, § 40), whereby the Board of Police was authorized to appoint surgeons of police. · Section 43 of this act provides that every person connected with the police department of the city of New York on April 30, 1873, except as otherwise therein ordered, shall continue in office at the salary or compensation then legally paid, which is thereby fixed as the salary or compensation of the office held by such person under said act. But the police commissioners were empowered to " fix the salary and compensation of such clerks other than policemen whom they may be authorized by law to employ."

I shall first examine the question of defendant's liability upon the evidence, which, if not established, will obviate the necessity of considering the other points raised.

By the new charter hereinafter referred to (L. 1873, chs. 335 and 755), the police department was made a distinct and separate branch of the municipal government of the city of New York. The moneys required to meet its annual expenditures are apportioned on its suggestion, and placed to its credit, to be disbursed only on its proper official warrant.

The comptroller is required, on requisition of the Board of Police, to pay over the total amount annually estimated, levied, raised and apportioned for the support and maintenance of the police department (L. 1873, c. 755, § 7).

With all the funds at its disposal it is difficult to perceive how it could avoid any valid pecuniary obligation. Plaintiff should have first sought his remedy in this direction ; either by mandamus against the board or its financial officer, or by suit against its members individually for misfeasance. It does not appear that the appropriations for this branch of the city government were insufficient to meet its expenditures, or that defendant has done or failed to do any act by which it has become primarily liable for the plaintiff's salary.

The case is not distinguishable in principle from *Dannat* v. *The Mayor* (66 N. Y. 585). In that case it appeared that the Department of Public Instruction was a branch of the municipal government, whose appropriations, like those of the police board, were drawn on its own warrant. Subsequently that department was made an independent corporation, with power to sue and be sued. But the court held that, whether as a department or a corporation, its creditors must exhaust their remedy against it, not because it was at that time a corporation capable of being sued, but because its appropriations and expenditures were regulated by statute, the provisions of which should be observed and followed.

The case just cited and the one at bar are, in my opinion, essentially the same, and the judgment should be affirmed.

ROBINSON, J., concurred.

CHARLES P. DALY, Chief Justice.—I concur in affirming the judgment. The case of *Dannat* v. *The Mayor*, referred to by Judge Larremore, is applicable, for although that was a case in which the claim was to be paid by the comptroller upon a draft of the Board of Education, in which it was held that the plaintiff had no action against the city until he had obtained the draft, and which he could by action compel the Board of Education to give, if he was entitled to it, and this is a case in which the salary is paid by the treasurer of the police board out of funds deposited by the city with the board for such purposes, the rule recognized and applied there is the rule in the present case, which is, that the city is not liable and cannot be sued until there is some default on its part. It was held in that case that if the comptroller refused to pay the draft when presented, having funds in his hands wherewith to pay it, he could be compelled by mandamus to pay it, or probably held liable in an action for his misfeasance in not doing so when the draft was demanded. The treasurer of the police board stands in the same position. He can be compelled to pay, if the salary is due and payable and he has funds in his hands to pay it. If the city has

placed the necessary funds in his hands, it has not, in the language of the opinion in that case, "omitted any thing to make it liable," and the plaintiff's remedy is not against the city, but against the treasurer, or against the board, if he withholds the payment under its direction, in a case where the plaintiff is lawfully entitled to the payment of the amount claimed.

Judgment affirmed.